ACCEPTED
06-14-00086-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/15/2015 1:32:16 PM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

6/15/2015 1:32:16 PM

DEBBIE AUTREY
Clerk

**MARK ANTHONY YOUNG**
APPELLANT

v.

**THE STATE OF TEXAS,**
APPELLEE

§
§
§
§
§
§

**Nos.**   **06-14-00086-CR**

---

## STATE'S BRIEF

---

ON APPEAL FROM THE 354th DISTRICT COURT
HUNT COUNTY, TEXAS
TRIAL COURT CAUSE NUMBER 29,236
THE HONORABLE RICHARD A. BEACOM, JR., JUDGE PRESIDING

**NOBLE D. WALKER, JR.**
District Attorney
Hunt County, Texas


**STEVEN LILLEY**
Assistant District Attorney
P.O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX      75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24046293

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................................................2

INDEX OF AUTHORITIES .................................................................................3

SUMMARY OF THE STATE'S ARGUMENT..........................................................5

ARUGUMENT.......................................................................................................6

PRAYER..........................................................................................................11

CERTIFICATE OF SERVICE.............................................................................11

CERTIFICATE OF COMPLIANCE......................................................................12

# INDEX OF AUTHORITIES

## CASES

<u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1994)........................6

<u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1183 (1963).........................8

<u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S. Ct. 2781 (1979)........................9


<u>Bone v. State</u>, 77 S.W.3d 828 (Tex. Crim. App. 2002)........................7

<u>Guevara v. State</u>, 152 S.W.3d 45 (Tex. Crim. App. 2004).........................9

<u>Harm v. State</u>, 183 S.W.3d 403 (Tex. Crim. App. 2006).........................8

<u>Lopez v. State</u>, 343 S.W.3d 137 (Tex. Crim. App. 2011).........................6-7

<u>Williams v. State</u>, 235 S.W.3d 742 (Tex. Crim. App. 2007).........................9

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

**MARK ANTHONY YOUNG**
 APPELLANT        §

             §

 v.            §    **No. 06-14-00086-CR**

             §

**THE STATE OF TEXAS,**      §

 APPELLEE         §

---

## STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the STATE OF TEXAS, Appellee, in this appeal from Cause No. 29,236 in the 354th Judicial District Court in and for Hunt County, Texas, Honorable Judge Richard A. Beacom, Jr., Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Sixth District Court of Appeals in support of the judgment of conviction and sentence in the court below.

## SUMMARY OF ARGUMENT

In his first point of error, Appellant claims that his trial counsel provided ineffective assistance of counsel by failing to fully review surveillance video. However, Appellant only assumes that his counsel did not review the video and makes no showing that trial counsel did not do so. Such a showing would be a threshold requirement under <u>Strickland v. Washington</u>. Therefore, Appellant's first point of error should be overruled.

In his second point of error, Appellant complains that the State committed a violation under <u>Brady v. Maryland</u> by not showing the trier of fact the entirety of the surveillance video which he claims would affirmatively show that another person committed the robbery. Appellant does not claim, however, that the State kept any portion of the video in question from the Defense during the discovery process. Therefore, his reliance on <u>Brady v. Maryland</u> is misplaced and Appellant's second point of error should be overruled.

In his third and fourth points of error, Appellant jointly alleges that he is actually innocent and that there is legally insufficient evidence to support his conviction. The State produced evidence in the form of testimony, documents and a photo line-up to show the court that Appellant was the person who committed the offense of robbery. The evidence produced was more than ample to support the conviction under the well known standard of <u>Jackson v. Virginia</u>. Therefore these points of error should also be overruled.

## ARGUMENT

The State has elected to file this brief in response to Appellant's filing of his *pro se* Response to Anders Brief. The State will touch on each point of error propounded by Appellant, though the issues presented may not, in the State's estimation, require a lengthy detailed response. If this Court desires further briefing on a particular issue, we will provide a response as quickly as possible.

## I.
## DID APPELLANT'S TRIAL ATTORNEY PROVIDE INEFFECTIVE ASSISTANCE OF COUNSEL?

The first issue raised by Appellant is whether his trial attorney provided ineffective assistance of counsel. A trial attorney will only be found ineffective if his performance is found deficient under the well known Strickland Test. The Strickland test requires that a defendant show on appeal that trial counsel's conduct fell below an objective standard of reasonableness and that but for the deficiencies of counsel, there is a reasonable probability that the result of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 8 L.Ed. 674 (1994).

The Texas Court of Criminal Appeals has repeatedly stated that a direct appeal is not typically the appropriate avenue to urge a claim of ineffective assistance of counsel. *See e.g.* Lopez v. State, 343 S.W.3d 137, 143 (Tex. Crim.

6

App. 2011). A claim of ineffective assistance of counsel must therefore be firmly footed within the record. Bone v. State, 77 S.W.3d 828, 836-37 (Tex. Crim. App. 2002). Without a clear record of patently unreasonable choices and tactics by defense counsel, the appellate court is simply not in a position to presume that counsel acted unreasonably. "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." Id. at 833.

Appellant alleges that his trial counsel did not fully investigate or review the surveillance video introduced into evidence as State's Exhibit 1. Appellant alleges that if his counsel had fully investigated this video, he would have seen that Appellant was clearly not the person who committed the aggravated robbery. However, Appellant makes not factual showing through the record, affidavit or otherwise that his trial counsel did not review or investigate the video as he alleges. Without such evidence or support in the record, Appellant's claim of ineffective assistance can not stand under appellate scrutiny. Therefore, Appellant's claim of ineffective assistance of counsel should be overruled.

## II.
## DID THE STATE WITHHOLD "BRADY" MATERIAL?

In his second point of error, Appellant alleges that the State of Texas withheld Brady evidence in the form of stopping the playing of the surveillance video footage before a certain portion that Appellant claims shows his innocence.

7

Under Brady, the State is required to disclose to the defense any evidence favorable to the accused within its possession. See generally, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1183 (1963). So long as the State has not suppressed evidence favorable to the accused, there is no Brady violation. Harm v. State, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006).

State's Exhibit 1 contained the surveillance footage of which Appellant complains. However, Appellant does not claim that the State withheld from his trial counsel any portion of the surveillance footage, only that the State did not play certain parts of Exhibit 1 for the trier of fact. Even if this were an accurate recounting of what occurred during the bench trial, which the State does not concede, such a fact scenario is not within the purview of Brady. Therefore, Appellant second point of error should be overruled.

## III.
## APPELLANT CLAIMS ACTUAL INNOCENCE

In Point of Error Three, Appellant states that he is "actually innocent" of aggravated robbery because the surveillance footage depicts another person committing the act. Because Appellant cites no legal authority under this point of error, and because the State believes that it is directly related to Point of Error Four, the State will not directly address this point of error.

8

## IV.

## WAS THE EVIDENCE PRODUCED AT TRIAL LEGALLY SUFFICIENT TO SUPPORT APPELLANT'S CONVICTION?

The final point of error before the court is whether the evidence produced at trial against Appellant was legally sufficient to support his conviction for aggravated robbery.

The legal standard by which this court must review this case is well settled and will not be restated at length here. Simply put, "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The reviewing court must not substitute its own judgment for that of the jury, instead, the court must defer to the fact finder's duty to weigh the evidence, resolve conflicts in testimony and to draw reasonable inferences from the facts presented at trial. *See* Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); Jackson v. Virginia, 443 U.S. 307, 219 (1979). The reviewing court must look at the cumulative weight of the evidence and determine whether such evidence supports the conviction of the defendant as a party. Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

In this case, there was ample evidence provided to the court from which it could find beyond a reasonable doubt that Appellant committed the offense of aggravated robbery.

9

The victim, Carolina Ali, identified the Appellant in court as the person who robbed her. Reporter's Record (R.R.) Vol. 6 pp. 15-16. Ms. Ali recognized Appellant when he walked into the store to rob her as the same man who came in three days before. RR. Vol. 6 p. 16. When Appellant came into the store three or four days after the robbery to cash a check, Ms. Ali recognized him again and asked her daughter to get ready to call 911. R.R. Vol. 6 p. 17. Ms. Ali and her husband found two receipts where Appellant had utilized Western Union at the store under the name Mark Young, bolstering her assertion that she recognized Appellant as someone who had been in her store before. R.R. Vol. 6 pp. 19-20. Ms. Ali's daughter, Karina Ali Mukhida, identified Appellant in court as the same person who attempted to cash a check three or four days after the robbery, the same person Ms. Ali identified as her assailant. R.R. Vol. 6 pp. 37-39.

Finally, Detective Jamie Fuller testified that Ms. Ali identified the defendant in a photo lineup with 99% certainty. This lineup was conducted by a colleague of Detective Fuller's who did not know which person was under suspicion. R.R. Vol. 6 pp. 60-63. This line was conducted after Ms. Ali had identified a name for her assailant but before she was able to look at any additional videos or photos showing his face or likeness. R.R. Vol 6. pp. 20-21.

The accumulation of this evidence shows that the court very reasonably found that Appellant committed the offense of aggravated robbery as charged in the indictment.

## PRAYER

Appellant's trial was without prejudicial or fundamental error. The State prays that Appellant's conviction and sentence be affirmed.

Respectfully submitted,

**NOBLE D. WALKER, JR.**
District Attorney
Hunt County, Texas

**STEVEN LILLEY**
Assistant District Attorney
P.O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
State Bar No. 24046293
(903) 408-4180
FAX (903) 408-4296

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been delivered to Appellant, *pro se*, via mail on June 15, 2015.

STEVE LILLEY
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney of record certifies that Appellees Brief contains 13-point typeface of the body of the brief, 1,404 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2007.

Steven Lilley
Attorney for the State